UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:25-CR-00061-GNS

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

DECARLO M. COX                                                               DEFENDANT

## ORDER

This matter is before the Court on Defendant's Affidavit of Request to Dismiss Indictment

(DN 15), and Defendant's Objection (DN 17).[1]

### A.       Affidavit of Request to Dismiss Indictment (DN 15)

Defendant has filed an affidavit seeking dismissal of the Indictment, which the Court

construes as a motion to dismiss.  *See* Fed. R. Crim. P. 47(a), (b).  Under Fed. R. Crim. P. 12(b),

"[a] party may raise by pretrial motion any defense, objection, or request that the court can

determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Courts are limited to

addressing such motions without a trial if the motion "involves questions of law instead of

questions of fact on the merits of criminal liability."  *United States v. Craft*, 105 F.3d 1123, 1126

(6th Cir. 1997).  Thus, "courts may ordinarily make preliminary findings of fact necessary to

---

[1] Defendant has also filed a notice (DN 18) relating to his affidavit and objection.  Because this
notice is neither a motion nor objection, no ruling is necessary.

decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Id*.

Following Defendant's detention hearing, the Court entered an order warning the United States of the potential consequences of noncompliance. (Order 1, DN 9). The Court's admonition to the United States is a confirmation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Fed. R. Crim. P. 5(f)(1) ("In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady* . . . and its progeny, and the possible consequences of violating such order under applicable law.").

Defendant asserts that there has been a delay by the United States in complying with its obligations under the Due Process Protections Act. "Ordinarily, a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure." *United States v. Marshall*, 132 F.3d 63, 70 (D.C. Cir. 1998) (citing *United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir. 1985)). Even if there were a delay in the United States providing all exculpatory evidence to Defendant, there is no trial date in this matter, and Defendant will have time to review the discovery to prepare for its use at trial. *See Brady*, 373 U.S. at 87. Therefore, this motion is denied.

**B.     Defendant's Objection (DN 17)**

Defendant also objected to the Court's order directing a federal defender to represent him. At the hearing held on December 2, 2025, Defendant voiced his objections to the appointment of counsel. The Court directed a federal defender to meet with Defendant, and by the next in-person hearing on January 6, 2026, Defendant could decide whether he wanted to be represented counsel.

At the hearing held on January 6, 2026, Defendant agreed to be represented by Federal Defender

Aaron M. Dyke, which renders this objection moot.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Defendant's Affidavit of Request to Dismiss Indictment (DN 15) is **DENIED**.

2.    Defendant's Objection (DN 17) is **OVERRULED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
January 7, 2026

cc:    counsel of record